JS 44 (Rev. 06/17)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Michael Grainger and Latoya Grainger, Individually and as Parents and Natural Guardian of Lashae Grainger, a Minor

**DEFENDANTS**

Bravo Sports, Bravo Sports d/b/a and/or t/a Pulse Performance Products, Kmart Corporation, Kmart Holding Corporation and Sears Holding Corporation

**(b)** County of Residence of First Listed Plaintiff    New Castle County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Los Angeles County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward S. Shensky, Esquire at Stark & Stark , A Professional Corporation
777 Township Line Road, Suite 120, Yardley, PA  19067 – Phone 267-907-9600

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | X 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff f and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | X 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:    Product Liability

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**    CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    7/13/17    SIGNATURE OF ATTORNEY OF RECORD    _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Grainger and Latoya Grainger<br>Individually and as Parents and Natural Guardians of<br>Lashae Grainger, a Minor | : | CIVIL ACTION |
| v. | : | |
| Bravo Sports, et al. | :<br>: | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( X )

| | | |
|---|---|---|
| 7/13/17 | | Edward S. Shensky, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 267-907-9600 | 267-907-9659 | eshensky@stark-stark.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ___29 Martell Road, Newark, Delaware  19713

Address of Defendant: ___Bravo Sports, 12801 Carmenita Road, Santa Fe Springs, CA  90670 - See additional defendants attached caption list on back of sheet

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
         Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
         Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
         Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
         Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Edward S. Shensky, Esquire___ , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __7/13/17__                                 __27891__

                        Attorney-at-Law                      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____                 _____            _____

                        Attorney-at-Law                      Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GRAINGER and LATOYA GRAINGER, Individually and as Parents and Natural Guardians of LASHAE GRAINGER, a Minor<br>29 Martell Road<br>Newark, DE  19713<br><br>Plaintiffs,<br><br>v.<br><br>BRAVO SPORTS<br>12801 Carmenita Road<br>Santa Fe Springs, CA  90670<br><br>and<br><br>BRAVO SPORTS d/b/a and/or t/a<br>PULSE PERFORMANCE PRODUCTS<br>12801 Carmenita Road<br>Santa Fe Springs, CA  90670<br><br>and<br><br>KMART CORPORATION<br>333 Beverly Road<br>Hoffman Estates, IL  60179<br><br>and<br><br>KMART HOLDING CORPORATION<br>333 Beverly Road<br>Hoffman Estates, IL  60179<br><br>and<br><br>SEARS HOLDING CORPORATION<br>333 Beverly Road<br>Hoffman Estates, IL  60179<br><br>Defendants. | CIVIL ACTION<br><br>NO.<br><br>**JURY TRIAL DEMANDED** |

- 1 -

## CIVIL ACTION COMPLAINT

Plaintiffs, MICHAEL GRAINGER and LATOYA GRAINGER, Individually and as

Parents and Natural Guardians of LASHAE GRAINGER, a Minor, by and through their

undersigned counsel, Stark & Stark, P.C., now bring the within action against defendants,

BRAVO SPORTS, BRAVO SPORTS d/b/a and/or t/a PULSE PERFORMANCE PRODUCTS,

KMART CORPORATION, KMART HOLDING CORPORATION and SEARS HOLDING

CORPORATION, and aver:

### PARTIES

1.      Plaintiffs, MICHAEL GRAINGER and LATOYA GRAINGER are adult

individuals and citizens of the State of Delaware who reside therein at 29 Martell Road, Newark,

Delaware 19713.

2.      Plaintiffs, MICHAEL GRAINGER and LATOYA GRAINGER are the parents

and natural guardians of LASHAE GRAINGER, a minor.

3.      Defendant BRAVO SPORTS is a California corporation organized and existing

under and by virtue of the laws of the State of California, with a registered corporate address

and/or principal place of business of 12801 Carmenita Road, Santa Fe Springs, California 90670.

4.      At all times material hereto, defendant BRAVO SPORTS did business

individually and as and through, and/or traded as, PULSE PERFORMANCE PRODUCTS, a

registered trademark and California registered fictitious name entity.

5.       Defendant KMART CORPORATION is an Illinois corporation organized and

existing under and by virtue of the laws of the State of Illinois, with a registered corporate

address and/or principal place of business of 333 Beverly Road, Hoffman Estates, Illinois 60179.

- 2 -

6.      Defendant KMART HOLDING CORPORATION is an Illinois corporation organized and existing under and by virtue of the laws of the State of Illinois, with a registered corporate address and/or principal place of business of 333 Beverly Road, Hoffman Estates, Illinois 60179.

7.      Defendant SEARS HOLDING CORPORATION is an Illinois corporation organized and existing under and by virtue of the laws of the State of Illinois, with a registered corporate address and/or principal place of business of 333 Beverly Road, Hoffman Estates, Illinois 60179.

8.      At all times relevant hereto, all defendants were duly authorized to conduct business in the Commonwealth of Pennsylvania.

9.      All of the acts alleged to have been done or not to have been done by defendants herein, were done or not done by the defendants, their agents, servants, workmen and/or employees, acting within the course and scope of their agency, employment and/or authority, for and on behalf of said defendants.

## JURISDICTION AND VENUE

10.     This is a product liability action.

11.     There is complete diversity of citizenship and the amount in controversy in this action exceeds $150,000.00, exclusive of interest and costs.

12.     At all times pertinent hereto, all defendants engaged in continuous and systematic contacts with the Commonwealth of Pennsylvania.

13.     Jurisdiction and venue are, therefore, properly placed with this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1391, and 42 Pa.C.S.A. § 5322(b).

- 3 -

## FACTS

14.     Defendants designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce an Electric Scooter (hereinafter "the product").

15.     Upon information and belief, the item number for the product is 156506.

16.     Upon information and belief, the product was marketed and sold under the brand and/or trade name "Pulse Performance Products."

17.     Upon information and belief, the product is a "Charger" model.

18.     Upon information and belief, the product was manufactured on or about August 27, 2012.

19.     Upon information and belief, the product was designed for use by children.

20.     Upon information and belief, the product was capable of attaining speeds of up to 10 miles per hour.

21.     At the time the product was placed into the stream of commerce, and at the time of the incident that forms the basis for this Complaint, the product was defective in that the front wheel assembly could break, causing the wheel to separate from the axle.

22.     At the time the product was placed into the stream of commerce, and at the time of the incident that forms the basis for this Complaint, defendants knew, or should have and could have known, that the product was defective.

23.     At the time the product was placed into the stream of commerce, and at the time of the incident that forms the basis for this Complaint, defendants knew, or should have and could have known, that aforementioned defect created a fall hazard to riders.

4820-0502-5867, v. 2

24.     At the time the product was placed into the stream of commerce, and at the time of the incident that forms the basis for this Complaint, defendants knew that injuries had resulted from the defective front wheel assembly.

25.     At the time the product was placed into the stream of commerce, and at the time of the incident that forms the basis for this Complaint, defendants knew that there were safer alternatives, which were less likely to cause injury.

26.     On or about December 6, 2014, plaintiffs purchased the product from Kmart Store # 3800, located at 301 College Square, Newark, Delaware 19711, for use by their daughter, minor plaintiff LASHAE GRAINGER.

27.     At all times relevant hereto, Kmart Store # 3800 was owned, operated, possessed and/or controlled by defendants KMART CORPORATION, KMART HOLDING CORPORATION and/or SEARS HOLDING CORPORATION.

28.     On or about September 1, 2015, minor plaintiff was riding the product when the assembly that joined the front wheel to the axle broke, causing the front wheel to fall off.  This caused minor plaintiff to fall and violently strike her head and face on the ground.

29.     At the time of this incident, minor plaintiff was wearing protective gear for her safety, including a helmet.

30.     This incident would not have occurred had the product's front wheel assembly not been defective.

31.     As a result of the aforesaid, minor plaintiff sustained serious and permanent injuries as more particularly described below.

32.     Upon information and belief, similar electric scooters designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce by

defendants have been recalled by the U.S. Consumer Product Safety Commission due to defective wheel assemblies that create a fall hazard.

## DAMAGES

33.    Prior to this incident, minor plaintiff was a happy, pleasant, well-adjusted and well-behaved 8-year-old child.  She excelled both academically and socially.

34.    As a result of this incident, minor plaintiff sustained injuries to her head, back, body and limbs, her bones, nerves, cells, tissues, muscles and functions including, but not limited to the following, together with a severe shock to her nerves and nervous system, some or all of which are or may be permanent in nature:

a.    cerebral concussion with post-concussion syndrome;

b.    traumatic brain injury;

c.    multiple fractured teeth;

d.    facial lacerations and abrasions;

e.    upper extremity lacerations and abrasions;

f.    lower extremity lacerations and abrasions;

g.    traumatically-induced psychiatric disorder requiring recurring in-patient psychiatric hospitalizations;

h.    traumatically-induced mood disorder with verbal and physical aggression and rage;

i.    oppositional defiant disorder;

j.    neurocognitive disorder;

k.    impaired functional memory;

l.    impaired cognitive function;

4820-0502-5867, v. 2

m.      impaired visual scanning ability;

n.      impaired visual processing ability;

o.      impaired visual memory;

p.      confusion;

q.      slurred speech;

r.      drooling;

s.      loss of bowel and bladder control;

t.      anxiety;

u.      violence;

v.      suicidal thoughts;

w.      headaches; and

x.      emotional distress.

35.     As a further result of the aforesaid, minor plaintiff has undergone great physical

pain and mental anguish and she may continue to endure the same for an indefinite time in the

future to her great detriment and loss.

36.     As a further result of the aforesaid, plaintiffs have been compelled to expend large

sums of money for medicine and medical care and attention in an effort to effect a cure of minor

plaintiff's injuries, and they may be compelled to continue to expend such sums for the same

purposes for an indefinite time in the future, to their great detriment and loss.

37.     As a further result of the aforesaid, minor plaintiff has been unable to attend to her

usual and daily duties and pursuits, and she may be unable to attend to the same for an indefinite

time in the future, to her great detriment and loss.

4820-0502-5867, v. 2

38.    As a further result of the aforesaid, minor plaintiff's academic capacity and performance have been significantly and dramatically impaired, and may be so impaired for an indefinite time in the future, to her great detriment and loss.  Prior to this incident, minor plaintiff excelled academically.  As a result of the traumatic brain injury she sustained in this incident, minor plaintiff is now learning and functioning at least a grade level behind and requires substantial academic assistance.

39.    As a further result of the aforesaid, minor plaintiff has suffered an impairment and depreciation of her earning capacity and power and she may continue to suffer same for an indefinite time in the future to her great detriment and loss.

40.    As a further result of the aforesaid, minor plaintiff suffered an injury which is in full or part a cosmetic disfigurement which is or may be permanent, irreparable or severe.

41.    The foregoing injuries and damages were the direct and proximate result of the negligence and liability-producing conduct of defendants and their agents, servants, workmen and employees.

### FIRST COUNT
### PLAINTIFFS v. ALL DEFENDANTS
### NEGLIGENT MANUFACTURE

42.    Plaintiffs incorporate by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

43.    Defendants failed to exercise reasonable care, skill and diligence in the manufacturing of the product.

44.    As a result, the product contained a manufacturing defect when it was placed into the stream of commerce.

- 8 -

45.     Plaintiffs' injuries and damages aforesaid were proximately caused by the negligence of defendants and/or their agents, servants and/or employees.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of prosecution.

## SECOND COUNT
### PLAINTIFFS v. ALL DEFENDANTS
### NEGLIGENT DESIGN

46.     Plaintiffs incorporate by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

47.     Defendants failed to exercise reasonable care, skill and diligence in designing the product so as to minimize all foreseeable risks.

48.     As a result, the product contained a design defect when it was placed into the stream of commerce.

49.     Plaintiffs' injuries and damages aforesaid were proximately caused by the negligence of defendants and/or their agents, servants and/or employees.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of prosecution.

## THIRD COUNT
### PLAINTIFFS v. ALL DEFENDANTS
### NEGLIGENT FAILUE TO WARN

50.     Plaintiffs incorporate by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

4820-0502-5867, v. 2

51.    Defendants knew, or should have and could have known, that the product involved a risk of harm when used for the purpose supplied.

52.    Defendants knew, or should have and could have known, that the product's users would not be aware of the risk of harm.

53.    Plaintiffs had no actual knowledge of the danger and the risks were not generally known, obvious or recognized.

54.    Defendants failed to warn plaintiffs about the risk of harm of this product.

55.    Plaintiffs' injuries and damages aforesaid were proximately caused by the negligence of defendants and/or their agents, servants and/or employees.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of prosecution.

## FOURTH COUNT
### PLAINTIFFS v. ALL DEFENDANTS
### BREACH OF IMPLIED WARRANTIES

56.    Plaintiffs incorporate by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

57.    Defendants made an implied promise that the product was merchantable and fit for its ordinary and particular purpose – to be ridden and operated by minor children.

58.    Defendants knew that the product would be used for this purpose and knew, or should have and could have known, that users, including plaintiffs, were relying on defendants' skill and judgment to furnish a product that was suitable for that purpose.

59.    The product was not fit to be ridden and operated by children because it was defective and created a fall hazard to riders, as described above.

60.     Therefore, defendants breached their implied warranties of merchantability and fitness to plaintiffs.

61.     Plaintiffs' injuries and damages aforesaid were proximately caused by the conduct of defendants and/or their agents, servants and/or employees.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of prosecution.

### FIFTH COUNT
### PLAINTIFFS v. ALL DEFENDANTS
### BREACH OF EXPRESS WARRANTY

62.     Plaintiffs incorporate by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

63.     Defendants made an express warranty that the product was free of manufacturing defects.

64.     As set forth herein, the product contained a manufacturing defect when it was purchased by plaintiff.

65.     Therefore, defendants breached their express warranty to plaintiffs.

66.     Plaintiffs' injuries and damages aforesaid were proximately caused by the conduct of defendants and/or their agents, servants and/or employees.

WHEREFORE, plaintiffs demand judgment in their favor and against defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and costs of prosecution.

### SIXTH COUNT
### PLAINTIFFS v. ALL DEFENDANTS
### STRICT PRODUCT LIABILITY

- 11 -

67.     Plaintiffs incorporate by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

68.     Defendants are strictly liable under §402(A) of the Restatement (Second) of Torts because:

a.     Defendants are engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream of commerce electric scooters, including the product which injured minor plaintiff;

b.     The product involved in the subject incident was marketed and placed in the general stream of commerce by the defendants;

c.     The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce;

d.     The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above.

69.     The product was in a defective condition as: (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweighed the burden or costs of taking precautions.

70.     The defective condition of the product caused minor plaintiff's injuries and damages.

71.     Defendants are therefore strictly liable to plaintiffs.

WHEREFORE, plaintiffs demands judgment in their favor and against defendants in an

amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest and

costs of prosecution.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

**STARK & STARK, P.C.**

BY:

EDWARD S. SHENSKY (27891)
eshensky@stark-stark.com
JEFFREY A. KRAWITZ (49530)
jkrawitz@stark-stark.com
MICHAEL C. KSIAZEK (201856)
mksiazek@stark-stark.com
777 Township Line Road, Suite 120
Yardley, PA  19067
(267) 907-9600 Phone
(267) 907-9659 Fax
*Attorneys for Plaintiffs*

4820-0502-5867, v. 2

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

EASTERN DISTRCIT OF PA

| | |
|---|---|
| Michael Grainger and Latoya Grainger, Individually and as Parents and Natural Guardians of Lashae Grainger, a Minor <br><br> *Plaintiff(s)* <br> v. <br><br> Bravo Sports, Bravo Sports d/b/a and/or t/a Pulse Performance Products, Kmart Corporation, Kmart Holding Corporation and Sears Holding Corporation <br><br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Bravo Sports
12801 Carmenita Road
Santa Fe Springs, CA  90670

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    EDWARD S. SHENSKY, ESQUIRE
STARK & STARK, A PROFESSIONAL CORPORATION
777 TOWNSHIP LINE ROAD, SUITE 120
YARDLEY, PA 19067
(267) 907-9600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                       *Server's signature*

                                               _____
                                                       *Printed name and title*

                                               _____
                                                       *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

EASTERN DISTRCIT OF PA

| | |
|---|---|
| Michael Grainger and Latoya Grainger, Individually and as Parents and Natural Guardians of Lashae Grainger, a Minor <br><br> _Plaintiff(s)_ <br> v. <br><br> Bravo Sports, Bravo Sports d/b/a and/or t/a Pulse Performance Products, Kmart Corporation, Kmart Holding Corporation and Sears Holding Corporation <br><br> _Defendant(s)_ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Bravo Sports d/b/a and/or t/a
Pulse Performance Products
12801 Carmenita Road
Santa Fe Springs, CA  90670

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EDWARD S. SHENSKY, ESQUIRE
STARK & STARK, A PROFESSIONAL CORPORATION
777 TOWNSHIP LINE ROAD, SUITE 120
YARDLEY, PA 19067
(267) 907-9600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____            _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                        *Server's signature*

                                         _____
                                                        *Printed name and title*


                                         _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRCIT OF PA

| | |
|---|---|
| Michael Grainger and Latoya Grainger, Individually and as Parents and Natural Guardians of Lashae Grainger, a Minor<br><br>*Plaintiff(s)*<br><br>v.<br><br>Bravo Sports, Bravo Sports d/b/a and/or t/a Pulse Performance Products, Kmart Corporation, Kmart Holding Corporation and Sears Holding Corporation<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kmart Corporation
333 Beverly Road
Hoffman Estates, IL  60179

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  EDWARD S. SHENSKY, ESQUIRE
STARK & STARK, A PROFESSIONAL CORPORATION
777 TOWNSHIP LINE ROAD, SUITE 120
YARDLEY, PA 19067
(267) 907-9600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____           _____
                                                  *Server's signature*

                                         _____
                                                  *Printed name and title*

                                         _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRCIT OF PA

| | |
|---|---|
| Michael Grainger and Latoya Grainger, Individually and as Parents and Natural Guardians of Lashae Grainger, a Minor<br><br>*Plaintiff(s)*<br><br>v.<br><br>Bravo Sports, Bravo Sports d/b/a and/or t/a Pulse Performance Products, Kmart Corporation, Kmart Holding Corporation and Sears Holding Corporation<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kmart Holding Corporation
333 Beverly Road
Hoffman Estates, IL  60179

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  EDWARD S. SHENSKY, ESQUIRE
STARK & STARK, A PROFESSIONAL CORPORATION
777 TOWNSHIP LINE ROAD, SUITE 120
YARDLEY, PA 19067
(267) 907-9600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                               .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                          _____
                                                       *Printed name and title*


                                          _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRCIT OF PA

| | |
|---|---|
| Michael Grainger and Latoya Grainger, Individually and as Parents and Natural Guardians of Lashae Grainger, a Minor<br><br>*Plaintiff(s)*<br><br>v.<br><br>Bravo Sports, Bravo Sports d/b/a and/or t/a Pulse Performance Products, Kmart Corporation, Kmart Holding Corporation and Sears Holding Corporation<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Sears Holding Corporation
333 Beverly Road
Hoffman Estates, IL  60179

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EDWARD S. SHENSKY, ESQUIRE
STARK & STARK, A PROFESSIONAL CORPORATION
777 TOWNSHIP LINE ROAD, SUITE 120
YARDLEY, PA 19067
(267) 907-9600

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc: